JS-6

cc: order, docket, remand letter
to Los Angeles Superior Court,
North District, Antelope Valley Courthouse,
Lancaster, No. 12U00923

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PALMDALE MEDICAL CENTER, LLC, | Case No. 2:12-cv-7122-ODW(SHx) |
| Plaintiff, | **REMAND ORDER** |
| v. | |
| DR. KINAN HADAYA; and DOES 1 through 10, inclusive, | |
| Defendants. | |

Having carefully considered Defendant's notice of removal, the Court determines that it lacks subject-matter jurisdiction over this case. Accordingly, the case is hereby **REMANDED** to Los Angeles County Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c).

The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). Here, Defendant claims that this Court has subject-matter jurisdiction over this state-law unlawful-detainer action because there is diversity jurisdiction. Unfortunately, Defendant is wrong.

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between parties with diverse citizenship. 28 U.S.C. § 1332(a). In this case, Defendant is a citizen of California, having an address of 833 Auto Center Drive, Suite C, Palmdale, California, 93551. Defendant admits that Plaintiff is incorporated in California. (Notice of Removal ¶ 5.) Thus, the parties are lack complete diversity of citizenship.

Even if there exists diversity of citizenship, the Complaint states that it is a limited-jurisdiction case. (Compl. 1.) Under California law, this means the amount in controversy does not exceed $25,000. Cal. Civ. Proc. Code § 85(a). Thus, Defendant has not shown to a legal certainty that the amount in controversy exceeds $75,000. *Lowdermilk v. U.S. Nat'l Assoc.*, 479 F.3d 994, 999-1000 (9th Cir. 2007).

Further, there is no basis for federal-question jurisdiction under 28 U.S.C. § 1331 for a claim of unlawful detainer. *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3 (C.D. Cal. June 27, 2011).

For the above reasons, the Court **REMANDS** the case to Los Angeles County Superior Court for lack of subject-matter jurisdiction. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

August 21, 2012

_____
        **OTIS D. WRIGHT, II
  UNITED STATES DISTRICT JUDGE**